### Tax Review Board, Appellant, *v.* Malloy & Schreiner, Inc.

Argued January 4, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

298

reargument refused May 2, 1961.

*Levy Anderson*, First Deputy City Solicitor, with him *Louis Kattelman* and *Leonard B. Rosenthal*, Assistant City Solicitors, and *David Berger*, City Solicitor, for Tax Review Board, appellant.

*Carl K. Zucker*, with him *Herbert Brener*, and *Eilberg, Meshon & Brener*, for appellee.

*Lester Eisenstadt*, for amicus curiae.

OPINION BY MR. JUSTICE COHEN, March 23, 1961:

This is an appeal from a judgment of the court of common pleas which relieved the taxpayer, Malloy & Schreiner, Inc., from the payment of the mercantile license tax on a transaction entered into by the taxpayer and Luria Brothers.

The transaction which generated the gross receipts upon which the City of Philadelphia imposed its tax began with the following *"purchase contract"*—". . . Luria Brothers & Company, Inc., . . . agrees to buy and Malloy & Schreiner, Inc., agrees to sell (material) clean cast iron borings—suitable and acceptable to the consuming mill (quantity) one (1) carload (price) $19.75 per gross Ton F.O.B. car delivered Phoenix-

ville, Pa. (shipment) within 10 days, to: Phoenix Iron & Steel Co., Phoenixville, Pa. (terms) usual (remarks) Mill reports to govern Kindly load in a car not over 50′ long per arrangement between Mr. John Malloy and our Mr. Forebaugh.''

The taxpayer maintains that the tax should not be imposed upon the proceeds of this transaction because section 19.1001(6)(c) of the Code of General Ordinances of the City of Philadelphia, now The Philadelphia Code, section 1(h)(3) of the Ordinance of December 9, 1952 excludes from the tax: "the receipts or the portion thereof attributable to any item of sale involving the bona fide delivery of goods, commodities, wares or merchandise to a location regularly maintained by the other party to the transaction outside the limits of the City of Philadelphia and not for the purpose of evading payment of the tax or any portion thereof imposed under this ordinance."

The board concluded that delivery of the material to the Phoenix Iron & Steel Co., pursuant to this purchase order was not made to "the other parties to the transaction", thus the exclusion of these receipts from the tax base was not mandated, and imposed the tax. The taxpayer urges that Luria Brothers are in reality only brokers and "the other party to the transaction" is the Phoenix Iron and Steel Co., and hence this shipment fell within the exclusion and generated no tax liability. On appeal from the board's action the lower court adopted this theory and concluded that Luria had undertaken the dual function of a broker and financier and could not be considered the purchaser of the scrap and that the Phoenix Iron & Steel Co., was "the other party to the transaction." We cannot see how the court below, upon the record, could make any determination of the status of Luria in this transaction without testimony from Luria themselves to show why the status which they clearly as-

sumed in their purchase order was not that of the buyer, but in reality a broker and financier. The only witness appearing before the board was the taxpayer who, by his testimony alone, attempted to alter the relationship of Luria so that Phoenix became the "other party to the transaction" even though appellee frankly admitted the sale was made pursuant to the purchase order of Luria; that he relied solely upon the credit of Luria rather than Phoenix; that his sales contract was with Luria and not with Phoenix; that he was paid by Luria; that the contract in question was confirmed by appellee with Luria; and that their bills for the proceeds of this transaction were sent to Luria.

We quite agree with appellee's contention that city council was actuated by a desire to relieve taxpayers of the City of Philadelphia, who do business outside of Philadelphia, from the impact of this tax and hence enacted the exclusion. However, the unfortunate circumstance that city council did not extend the exclusion sufficiently so as to shelter the appellee cannot be remedied either by administrative action or judicial fiat. Until city council, in the exercise of its legislative power, sees fit to extend the exclusion to a situation such as this, or until a new relationship is established between appellee and the eventual user, appellee is without remedy.

Judgment reversed.